THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**TAMARA COFFELT,** *as natural parent, legal guardian, and next of kin of* **E.W., a minor,** *Individually, and on behalf of others similarly situated,*

Plaintiff,

v.    No._____

**NEWELL-BERG ALLIANCE TN, LLC**    FLSA Collective Action
*d/b/a* **POPEYES SUPREME FOOODS**    JURY DEMANDED

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Tamara Coffelt, as natural parent, legal guardian, and next of kin of E.W., a minor ("Plaintiff"), on behalf of others similarly situated, files this Collective Action Complaint against Newell-Berg Alliance TN, LLC, *d/b/a* Popeyes Supreme Foods ("Defendant"), averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Defendant Popeyes Supreme Foods. It is brought on behalf of Defendant's current and former hourly-paid employees. Plaintiff alleges he and others were not paid all the overtime compensation due them in weeks in which they worked more than forty (40) hours during the three (3) years preceding the filing of this collective action lawsuit.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

1

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Plaintiff was employed by and performed work for Defendant in this District and Defendant has conducted business in this District during all times relevant and material to this action.

## PARTIES

4. Defendant Newell-Berg Alliance TN, LLC d/b/a Popeyes Supreme Foods is a Tennessee Limited Liability Company with its principal offices located at 101 Miramare Way, Adams, TN 37010-9201. It is registered to do business in the State of Tennessee. It may be served with process via its Registered Agent: Kevin Newell, 101 Miramare Way, Adams, TN 37010-9201.

5. Tamara Coffelt is a natural parent, legal guardian, and next of kin of E.W. She brings this claim on behalf of E.W. as E.W. is a minor.

6. E.W. worked as an hourly-paid employee while employed by Defendant during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTS

7. Defendant is a franchisee of Popeye's Inc. and owns and operates Popeyes's Louisiana Kitchens in Clarksville, Tennessee and in several other locations throughout Tennessee and Kentucky.

8. Plaintiff was employed by and worked for Defendant as an hourly-paid employee during the three (3) year period preceding the filing of this action.

9. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C, § 203(d) during all times material to this action.

10. Plaintiff and those similarly situated have been "employees" of Defendant as defined by

Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

12. Plaintiff and those similarly situated worked more than forty (40) hours within weekly pay periods during all times material, including "edited-out" and "off the clock" time as described below, entitling them to overtime compensation for all hours worked in excess of forty (40) per week during such pay periods.

13. Defendant has had a common plan and practice of failing to compensate Plaintiff and those similarly situated for all the overtime compensation due them within weekly pay periods during all time material to this action – in the following ways, *inter alia:*

    (a) "Editing-out" compensable overtime compensation from their pay;

    (b) Failing to pay them overtime compensation for the "off the clock" overtime work they performed prior to the start of their respective shifts: and,

    (c) Failing to pay them overtime compensation for the "off the clock" overtime work they performed after the end of their respective shifts:

14. As a result, Plaintiff and those similarly situated were not paid all the overtime compensation due them within weekly pay periods in which they worked in excess of forty (40) hours.

15. Defendant had actual as well as constructive knowledge of its failure to pay overtime compensation related to the aforementioned "edited-out" and "off the clock" work performed by Plaintiff and those similarly situated.

16. Nonetheless, Defendant took no action to rectify its failure to pay Plaintiff and those

similarly situated all the overtime compensation due them.

17. Defendant willfully failed to compensate Plaintiff and those similarly situated at the applicable FLSA overtime rates of pay.

18. Defendant acted with reckless disregard to clearly established overtime requirements under the FLSA by its failure to pay Plaintiff and those similarly situated for all the overtime compensation due them.

19. Defendant's failure to compensate Plaintiff and those similarly situated for all the overtime compensation due them was without a good faith basis.

20. As a result of Defendant's willful and lack of a good faith basis in failing to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as other damages.

21. The unpaid "off-the clock" and "edited-out" claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

22. The net effect of Defendant's common plan and practice of failing to pay Plaintiff and those similarly situated for all the overtime compensation due them was a scheme to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All hourly-paid employees who worked for Defendant for at least one weekly pay period consisting of at least forty (40) hours during the three (3) years preceding the filing of this Complaint, up to and including the present.

4

Case 3:22-cv-00768   Document 1   Filed 09/30/22   Page 4 of 8 PageID #: 4

(Collectively, "the class").[1]

24. Plaintiff and collective members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA. This action is properly maintained as a collective action because Plaintiff and collective members are similarly situated with respect to Defendant's time keeping, pay practices and compensation plans, policies, and practices.

25. Plaintiff's and those similarly situated's claims are unified by a common theory of Defendant's FLSA violations.

26. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

27. Plaintiff requests this Court to authorize notice to collective members to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

28. Plaintiff estimates there are hundreds, if not thousands, of putative members of the collective class. The precise number of class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

29. These unpaid overtime compensation claims may be collectively determined, at least in part, by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

30. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

31. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

32. Plaintiff and class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) – during all times material.

33. Defendant had a common plan and practice of failing to pay Plaintiff and class members for all the overtime they performed within weekly pay periods - during all times material, as previously described.

34. As a result of Defendant's common plan and practice of failing to pay Plaintiff and class members all the overtime compensation owed them, as related to their aforementioned "off the clock" and "edited-out" overtime claims, it has violated the overtime compensation requirements of the FLSA.

35. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

36. Through its actions, plans and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all their overtime hours.

37. Defendant's conduct was willful with reckless disregard to the overtime provisions of the FLSA.

38. Defendant does not have a good faith basis for its conduct related to these claims.

39. The claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

40. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

41. Therefore, Defendant is liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as for reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime wages at the applicable overtime rate of pay against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA against Defendant;

d) Award prejudgment interest against Defendant (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: September 30, 2022.

Respectfully submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN AND BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES***